IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HECTOR RIVAS,

    Plaintiff,
v.                                        CASE NO. 5:17-cv-82-MCR-GRJ

J. ALVAREZ, M.D.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a Complaint, ECF No. 1. Plaintiff failed to either pay the civil case filing fee or file a motion for leave to proceed as a pauper with supporting documentation. Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]." The Court will not require Plaintiff to correct this deficiency because the Complaint is due to be dismissed for abuse of the judicial process.

The allegations of the Complaint stem from the medical care Plaintiff has received at Graceville CI. Plaintiff alleges that he has a hernia and has requested surgery. He alleges that Dr. Alvarez has prescribed a hernia belt for Plaintiff but has denied his request for surgery due to cost.

ECF No. 1.

Plaintiff executed the complaint under penalty of perjury. ECF No. 1 at 7. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (*including habeas corpus petitions*), and whether they have ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service, and if so to identify each and every case so dismissed. ECF No. 1 at 3-4 (emphasis added). The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ECF No. 1 at 3.

In response to these questions, Plaintiff represented that he had filed no prior federal actions. *Id*. at 3-4.

A review of the Court's PACER case index reflects that Plaintiff has brought at least two additional federal cases that he failed to disclose:

*Rivas v. Secretary, DOC*, Case No. 4:96-cv-10015-SH (S.D. Fla. 1996) (habeas corpus case); and *Osterback et al. v. DOC*, Case No. 1:97-cv-2806-DLG (S.D. Fla. 2001) (*See* ECF No. 110, identifying Plaintiff as a class member by name and DOC inmate number 192940). In addition to being represented as a class member, Plaintiff filed some *pro se* pleadings in the case. *See id*. ECF No. 272, 341. The case was transferred to the Middle District and reopened as Case No. 3:04-cv-210 (M.D. Fla.), with Plaintiff again identified as a class member. The case was closed in 2008 following a bench trial. The Court has confirmed that the Plaintiff in the undisclosed cases is the same as in this case, having DOC # 192940.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his

attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, Plaintiff did not indicate that he brought a prior case but could not recall details.  He affirmatively represented that there were no prior cases.  Given the scope of the class action of which Plaintiff was a member and the length of time the case remained pending in two different districts, Plaintiff cannot plausibly claim that he could not recall the existence of the case.  Likewise, it is not plausible that Plaintiff could fail to recall that he unsuccessfully pursued habeas corpus relief from his conviction and life sentence.

The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. §

1915(g), but will not preclude Plaintiff from re-filing his claims in a properly-completed complaint form. If Plaintiff accumulates three strikes, however, he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for abuse of the judicial process.

**IN CHAMBERS** this 15th day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**